IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY V. NOLLER, Sr., <br><br> Plaintiff, <br><br> vs. <br><br> MEDICAL BOARD OF CALIFORNIA, et al., <br><br> Defendants. | Case No. 2:07-cv-00802 JKS KJM P <br><br> <u>ORDER</u> |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302. On June 6, 2007, the magistrate judge filed findings and recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within twenty days. Plaintiff has filed timely objections to the findings and recommendations.

    Plaintiff alleges in his complaint that the Medical Board of California ("Board") utilizes different standards and procedures for evaluating complaints against medical practitioners, depending on whether the complaints are submitted by prisoners or non-prisoners. Docket No. 1 at 10. Aside from a vague reference to the use of different matrices, Plaintiff fails to state specifically how the complaints are treated differently. *Id*. He further alleges that the different standards for processing prisoner complaints have negligently allowed unfit medical practitioners working for the California Department of Corrections and Rehabilitation ("CDCR") to maintain their licenses to practice and continue working for the CDCR. *Id*. at 11. Plaintiff also asserts that the Board, as a matter of practice, notifies the Health Care Services Division of the CDCR of complaints lodged by prisoners, leading to retaliation against the complaining prisoners by the medical staff. *Id*. Plaintiff

1

asks the Court to certify this as a class action,[1] and for the appointment of a receiver to oversee the restructuring of the Board's standards and procedures used to investigate and process prisoner complaints against medical practitioners employed by the CDCR. *Id*. at 12.

The magistrate judge understandably misconstrued the complaint as alleging that the Board uses different standards for licensing medical practitioners who work for the CDCR than for those who work in other venues. Docket No. 9. Finding that this did not state a federal claim, the magistrate judge recommended denying Plaintiff's request to proceed in forma pauperis for failure to state a claim. *Id*. Plaintiff objects to this finding, arguing that he has stated an equal protection claim cognizable under 42 U.S.C. § 1983. Docket No. 13. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a de novo review of this case.

## LEGAL STANDARD

The duties of a district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(C).

A court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

---

[1] Plaintiff is not an attorney and it is well established that a layperson cannot ordinarily represent the interests of a class. *See McShane v. United States*, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Plaintiff simply cannot "fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4). Accordingly, this case will only be construed as an individual civil suit.

ORDER

A court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, a court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

## DISCUSSION

At the outset, the Court recognizes that other federal courts have been critical of the medical care furnished to prisoners in California. *See Plata v. Schwarzenegger, et al.*, 2005 WL 2932253, 1 (N.D. Cal. 2005). In fact, the delivery of medical services to all California state prisoners confined by the CDCR remains under the care of a judicially appointed receiver. *See Plata v. Schwarzenegger, et al.*, 2007 WL 2318898 (N.D. Cal. 2007). Nonetheless, Plaintiff's complaint must be dismissed for its failure to state facts sufficient to establish standing or a federal claim.

To begin, Plaintiff has failed to allege even the most rudimentary of elements; standing. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996) ("If . . . a healthy inmate who had suffered no deprivation of needed medical treatment were able to claim violation of his constitutional right to medical care simply on the ground that the prison medical facilities were inadequate, the essential distinction between judge and executive would have disappeared"). Plaintiff has not alleged any injury whatsoever and consequently has not demonstrated standing.

Second, Plaintiff has not sufficiently pleaded facts that would constitute a violation of equal protection. The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). An equal

ORDER

protection claim may be established in two ways.  First, a plaintiff may establish an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class, such as race.  *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 686 (9th Cir. 2001); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).  Second, if the action in question does not involve a protected class, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004).  To state an equal protection claim under this theory, a plaintiff must allege that:  (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.  *See Village of Willowbrook*, 528 U.S. at 564.  Further, if an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an impermissible motive.  *Squaw Valley*, 375 F.3d at 944.

Plaintiff has made only conclusory allegations that complaints to the Board from prisoners are being treated differently than complaints from non-prisoners.  Prisoners are not a suspect class. *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999).  Nor does this difference implicate a fundamental right.  The Plaintiff must therefore show that no rational basis exists for the alleged difference in treatment.  *See Village of Willowbrook*, 528 U.S. at 564.  Plaintiff has neither told the Court how prisoner complaints are treated differently nor even alleged that the difference is not rationally related to a legitimate state purpose.  Plaintiff has thus failed to state an equal protection claim.  The Court also notes that even if Plaintiff were to successfully amend his complaint, he is very unlikely to win under a rationale basis standard.  However, because the Court has not been specifically apprised of how prisoner complaints are treated differently, the Court is unable to determine if it is impossible for Plaintiff to state an equal protection claim.  Plaintiff will thus be given thirty days to amend his complaint.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the alleged difference in treatment has actually injured him.  *See Lewis*, 518 U.S. at 350.  The complaint must also allege in specific terms how each named defendant is involved.  There can be no liability under

ORDER

42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). As noted above, the complaint must also allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *See Village of Willowbrook*, 528 U.S. at 564.

In addition, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once a plaintiff files an amended complaint the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court declines to adopt the findings and recommendations filed June 6, 2007;

2. Plaintiff's complaint at Docket No. 1 is dismissed with leave to amend;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and this Order; the amended complaint must bear the case number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint that complies with this Order will result in this action being dismissed for failure to state a claim.

Dated this the 13th day of March 2008.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER